Landree WAUFORD, Plaintiff–
Appellant,

v.

Bill RICHARDSON, Governor of the
State of New Mexico; Ken Ortiz, Di-
rector of Motor Vehicle Division; Mi-
chael Sandoval, Director of Motor Ve-
hicle Division, Defendants–Appellees.

No. 11–2034.

United States Court of Appeals,
Tenth Circuit.

July 21, 2011.

Landree Wauford, Albuquerque, NM,
pro se.

Neil R. Bell, Sean Olivas, Keleher &
McLeod, P.A., Albuquerque, NM, for De-
fendants–Appellees.

Before BRISCOE, Chief Judge,
ANDERSON, and MURPHY, Circuit
Judges.

**ORDER AND JUDGMENT***

MICHAEL R. MURPHY, Circuit
Judge.

After examining the appellate briefs and
record, this court has concluded unani-
mously that oral argument would not ma-
terially assist the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Proceeding *pro se*, Landree Wauford ap-
peals the district court's dismissal of the
civil rights complaint he brought pursuant
to 42 U.S.C. § 1983. In the complaint,
Wauford asserted due process claims aris-

ing from the suspension of his New Mexico
driver's license. In 2008, Wauford was
driving a vehicle in Ohio when an officer
cited him for following too close. Both
New Mexico and Ohio are signatories to
the Nonresident Violator Compact, which
provides that a member state will suspend
the driver's license of a resident if he fails
to respond to a traffic citation issued by
another member state. The clerk of the
Ohio municipal court notified Wauford that
if he failed to respond to the citation or
pay the accompanying fine, notice would
be given to the New Mexico licensing au-
thority. Although Wauford now alleges
improprieties surrounding the issuance of
the citation, he did not challenge the cita-
tion in Ohio or pay the fine. As a result,
New Mexico suspended his driver's license
and Wauford brought this § 1983 suit, as-
serting violations of his First Amendment
right to petition the government and his
Fourteenth Amendment right to procedur-
al due process. The claims were asserted
against Defendants in both their individual
and official capacities.

After the parties consented to proceed
before a magistrate judge, Defendants
moved to dismiss Wauford's complaint.
The magistrate judge considered both par-
ties' arguments and concluded (1) Wau-
ford's claims for money damages against
Defendants in their official capacities were
barred by the Eleventh Amendment, (2)
the complaint failed to state a claim
against Defendants because Wauford's al-
legations were conclusory and did not
meet the pleading requirements of *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544,
564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
(holding dismissal of a complaint is appro-
priate if plaintiff fails to plead "enough
facts to state a claim to relief that is

---

* This order and judgment is not binding prece-
dent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It

may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

plausible on its face"), and (3) Wauford lacked standing to pursue his procedural due process claims because the grounds on which he sought to challenge the suspension of his license were not available to him in New Mexico, *see Denny v. Richardson*, 234 Fed.Appx. 862, 866 (10th Cir. 2007) (unpublished disposition) (concluding a motorist whose license is suspended under the Nonresident Violator Compact has no "right to litigate the issue of guilt as to the underlying traffic offense charged in the other state").

We have reviewed the record, the parties' briefs, and the applicable law. Wauford's First Amendment claims for money damages against defendants in their official capacities are clearly barred by the Eleventh Amendment and those claims should have been dismissed without prejudice. *See Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir. 1978). The magistrate judge correctly concluded Wauford failed to sufficiently plead his remaining First Amendment claims. *See Twombly*, 550 U.S. at 564, 127 S.Ct. 1955. Accordingly, those claims were properly dismissed with prejudice. The magistrate judge also correctly concluded Wauford lacks standing to assert his procedural due process claims. *See Rector v. City & County of Denver*, 348 F.3d 935, 943–44 (10th Cir.2003) ("Unless a person asserts some basis for contesting a governmental deprivation of life, liberty, or property, he is not injured by defective procedures he has no occasion to invoke."). Those claims should have been dismissed without prejudice for lack of subject matter jurisdiction. *See Albert v. Smith's*

*Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir.2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.").

The dismissal of Wauford's complaint is **affirmed**. The matter is **remanded** with instructions to the district court to amend the judgment and dismiss the following claims without prejudice: (1) Wauford's procedural due process claims and (2) his First Amendment claim for damages against defendants in their official capacities.[1]

---

1. Although these claims should be dismissed without prejudice, Wauford is directly estopped from relitigating the jurisdictional rulings in federal court. *Korgich v. Regents of N.M. Sch. of Mines*, 582 F.2d 549, 550 (10th Cir.1978) (holding dismissal without prejudice based on Eleventh Amendment was "death knell of the litigation" in federal court); *Atl. City Mun. Utils. Auth. v. Reg'l Adm'r*, 803 F.2d 96, 103 (3d Cir.1986) ("[A] dismissal for lack of subject-matter jurisdiction, while 'not binding as to all matters which could have been raised,' is, however, conclusive as to matters actually adjudged.").